UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MICHAEL S. PITMAN, JR., | : Case No. 3:22-cv-283 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| STATE OF OHIO INC., *et al.*, | : |
| Defendants. | : |

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. #s 1, 4). For the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. #s 1, 4) be **DENIED** and that Plaintiff be **ORDERED** to pay the filing fee of $402.00.

On October 5, 2022, Plaintiff filed a motion for leave to proceed *in forma pauperis* in which the affidavit of poverty was left completely blank. (Doc. #1, *PageID* #s 2-3). The next day, the Clerk of Court issued a Notice of Deficiency, advising Plaintiff that he failed to include a civil cover sheet or a completed application to proceed *in forma pauperis*. (Doc. #2). The Notice of Deficiency directed Plaintiff to correct the deficiencies within thirty days. *Id*. More than two months later, Plaintiff filed a second motion for leave to proceed *in forma pauperis*. (Doc. #4). In the second motion, Plaintiff asserted that he "ha[s] no means of 'money' and therefore cannot pay the cost in this case." (Doc. #4, *PageID* #24). However, Plaintiff failed to complete the application or indicate whether he has any income or expenses. *See id*. at 24-37. As a result, the undersigned

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

ordered Plaintiff to submit a completed application to proceed *in forma pauperis* on or before May 18, 2023. (Doc. #6, *PageID* #322).

Instead of completing the application to proceed *in forma pauperis*, Plaintiff submitted objections to the undersigned's Order that spanned over 20 single-spaced pages and included an additional 41 pages of attachments, which served to generally challenge the authority of the Court to require Plaintiff to submit the required documentation in order to be granted leave to proceed *in forma pauperis*. *See* Doc. #7, *PageID* #s 324-84. Thereafter, District Judge Michael J. Newman overruled Plaintiff's objections and ordered Plaintiff to either (1) comply with the undersigned's Order by submitting a completed motion to proceed *in forma pauperis* or (2) pay the full filing fee mandated by 28 U.S.C. § 1914(a). (Doc. #8, *PageID* #s 386-87). District Judge Newman further advised Plaintiff that, if he failed to either submit the completed motion for *in forma pauperis* or pay the full filing fee by May 18, 2023, his case could be dismissed. *Id*. at 387 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Following District Judge Newman's Order, Plaintiff filed a document captioned "Rebuttal of Order and Proof of Claims and Declarations[,]" which served to generally set out Plaintiff's objections to the requirement that he complete a financial affidavit for the motion to proceed *in forma pauperis*. *See* Doc. #9, *PageID* #s 388-93. Plaintiff did not comply with District Judge Newman's Order in that he neither submitted a completed motion to proceed *in forma pauperis* nor paid the full filing fee by May 18, 2023.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. In *Adkins v. E.I. DuPont de Nemours & Co. Inc.,* the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty

is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In this case, Plaintiff has failed to submit a completed *in forma pauperis* application that demonstrates that paying the one-time filing fee of $402.00 would be an undue hardship. As a result, the undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself and his dependents. It is therefore **RECOMMENDED** that Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. #s 1, 4) be **DENIED** and that he be **ORDERED** to pay the $402.00 filing fee on or before **October 27, 2023** if he intends to proceed with his suit. Plaintiff is advised that failure to comply may result in a Report and Recommendation to the District Judge that this matter be dismissed for lack of prosecution. See Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31 (1962).

October 13, 2023    *s/Peter B. Silvain, Jr.*
                    Peter B. Silvain, Jr.
                    United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).