IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL S. PITMAN, JR., | : | |
| Plaintiff, | | Case No. 3:22-cv-283 |
| v. | : | Judge Walter H. Rice |
| STATE OF OHIO, et al., | | Mag. Judge Caroline H. Gentry |
| Defendant. | : | |

DECISION AND ENTRY DISMISSING WITHOUT PREJUDICE PETITION FOR DECLARATORY JUDGMENT OF PLAINTIFF MICHAEL S. PITMAN, JR. (DOC. #1-1); JUDGMENT SHALL ENTER AGAINST PLAINTIFF AND IN FAVOR OF DEFENDANTS STATE OF OHIO, MONTGOMERY COUNTY, OHIO, COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION, HON. DENISE LOUISE CROSS, AND JOHN AND JANE DOES; TERMINATION ENTRY

On October 5, 2022, Plaintiff Michael S. Pitman, Jr., attempted to file a Petition for Declaratory Judgment against Defendants State of Ohio, Montgomery County, Ohio, Court of Common Pleas, Domestic Relations Division, Hon. Denise Louise Cross, Domestic Relations Division Administrative Judge, and an unknown number of John and Jane Does. (Petition, Doc. #1-1). Therein, Plaintiff purported to sue Defendants under the Declaratory Judgment Act, 28 U.S.C. § 2201, but based on references to a "Commercial Claim" and "UCC-1 Financing Statement," the gravamen of the Complaint appears to be a disputed debt or lien, which are matters of state law. (*Id.* at PAGEID 6-7).

After Plaintiff was notified of the deficiencies in his Motion for Leave to Proceed *In Forma Pauperis* (Notice, Doc. #2, citing Motion, Doc. #1), and two additional unsuccessful attempts by Plaintiff to comply (Motion, Doc. #4; Addendum, Doc. #5), on April; 18, 2023, Magistrate Judge Peter B. Silvain, Jr. ordered Plaintiff to "submit a completed Motion for Leave to Proceed *in forma pauperis*" within thirty days. (Order, Doc. #6, PAGEID 322). Plaintiff's Objections to Magistrate Judge Silvain's Order (Doc. #7) were overruled on May 5, 2023, by District Judge Michael J. Newman, who ordered Plaintiff, no later than May 18, 2023, to (a) complete the Motion for Leave, or (b) pay the full filing fee. (Order, Doc. #8, PAGEID 387). Judge Newman expressly warned Plaintiff that if he failed to comply by May 18, "his case may be **DISMISSED**." (*Id.* (emphasis in original), quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Plaintiff did not comply, but instead, on May 23, 2023, he filed a "Notice and Demand: Rebuttal of Order and Demand for Dismissal of Order."[1] (Doc. #9). On October 13, 2023, Magistrate Judge Silvain recommended that the Motions for Leave be denied and Plaintiff be required to pay the entire filing fee on or before October 27, 2023, as Plaintiff had failed to file a proper motion and, thus, had not demonstrated the requisite indigency to proceed *in forma pauperis*s. (Report and Recommendations, Doc. #10, PAGEID 403-04, citing 28 U.S.C. § 1915(a), Motions for Leave, Doc. #1, Doc. #4). Plaintiff did not object to the Report. On

---

[1] While not titled as such, the substance of the Notice was that of a motion for reconsideration, which was implicitly overruled in the October 13, 2023, Report and Recommendations discussed *infra*.

2

January 26, 2024, Judge Newman adopted the Report and stated that Plaintiff was "on **NOTICE** that if he fails to timely pay the full filing fee by February 9, 2024, this case may be dismissed for failure to prosecute." (Order, Doc. #11, PAGEID 406).

Plaintiff did not pay the filing fee, but on February 9, 2024, filed a Rebuttal of Order and Proof of Claims and Declarations, wherein he essentially stated that he did not recognize the January 26 Order as binding against him. (Doc. #12, PAGEID 408). Judge Newman and Magistrate Judge Silvain subsequently received notice that Plaintiff had filed judicial misconduct complaints against them to the United States Court of Appeals for the Sixth Circuit. They recused themselves on May 8 and 9, 2024, respectively (Orders, Doc. #14, Doc. #15), and the case was reassigned to the undersigned and Magistrate Judge Caroline H. Gentry. The matter is now ripe for decision.

Plaintiff's contumacious conduct throughout the litigation and failure to file a proper Motion for Leave or pay the filing fee, despite being expressly and repeatedly warned that failure to do so would result in dismissal, means that dismissal with prejudice would seemingly be warranted. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). However, as stated above, the gravamen of Plaintiff's Petition arises under Ohio state law. Thus, the Court can only hear this case if Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff appears to be a citizen of Ohio, as he

3

is using a Post Office Box in Dayton, Ohio (Doc. #1-1, PAGEID 9), and has averred elsewhere that he is domiciled in Ohio. (M. Pittman Aff., Doc. #4-1, PAGEID 31, ¶ 2). As Plaintiff has sued persons and entities that are also citizens of Ohio, the Court lacks subject-matter jurisdiction over the Petition. 28 U.S.C. § 1332(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3); *see also Nagalingam v. Wilson, Sowers, Bowling, & Costanzo*, 8 F. App'x 486, 487-88 (6th Cir. 2001) (affirming *sua sponte* dismissal of breach of contract claim where both plaintiff and defendant were domiciled in Kentucky). Consequently, the Court must dismiss the Petition for lack of subject-matter jurisdiction, without prejudice to refiling in a state court of competent jurisdiction, provided that filing can be accomplished within the applicable state statute of limitations. Judgment shall enter in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

May 30, 2024

Walter N. Rice
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT